CAMPBELL v CITY OF DETROIT

1. MUNICIPAL CORPORATIONS—MAINTENANCE OF HIGHWAYS—STATUTE
   OF LIMITATIONS—STATUTES.

   The two-year statute of limitations on actions against governmental agencies for damages suffered by reason of failure to keep highways in reasonable repair and reasonably safe and fit for travel does not apply to a plaintiff's cause of action where the injury was suffered on a highway which had been closed and was not open to public travel (MCLA 691.1401, 691.1402, 691.1411).

2. MUNICIPAL CORPORATIONS—GOVERNMENTAL IMMUNITY—STATUTE.

   An action against a governmental agency for liability in tort is normally barred if a plaintiff cannot bring the action under one of the statutory exceptions to governmental immunity (MCLA 691.1407).

3. STATUTES—UNCONSTITUTIONAL ACTS—EFFECT.

   An act, in effect when a plaintiff's cause of action accrued, but declared unconstitutional prior to the commencement of plaintiff's action, has no legal effect upon a plaintiff's action since an unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never passed.

4. TORTS—CAUSE OF ACTION—ACCRUAL.

   Tort actions accrue at the time when all elements of a cause of action have accrued and can be alleged in a proper complaint.

5. TORTS—CAUSE OF ACTION—VESTED RIGHTS—STATUTES—UNCONSTITUTIONAL ACTS—SUBSTANTIVE LAW—CONSTITUTIONAL LAW.

   The date of injury is controlling in an action for damages in tort

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Highways, Streets and Bridges § 581.
[2] 16 Am Jur 2d, Constitutional Law § 255.
[3] 50 Am Jur, Statutes §§ 357–367.
[4] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 101.
[5] 53 Am Jur, Torts § 105.

against a governmental agency; therefore, where a statute which would have barred such a tort action was declared unconstitutional and the action for damages vested under the law applicable in the absence of the unconstitutional statute, a subsequent enactment of a statute which would again bar the cause of action could not invalidate the plaintiff's cause of action because the subsequent legislation would abrogate vested rights by a change in the substantive law, which is not permissible under the limitations of due process and equal protection.

Appeal from Wayne, Joseph A. Moynihan, Jr., J. Submitted Division 1 November 9, 1973, at Detroit. (Docket No. 15984.) Decided December 28, 1973.

Complaint by Mary L. Campbell against the City of Detroit for negligence. Accelerated judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Goodman, Eden, Millender, Goodman & Bedrosian,* for plaintiff.

*Michael M. Glusac,* Corporation Counsel, and *Douglas B. Dimitry,* Assistant Corporation Counsel, for defendant.

Before: LESINSKI, C. J., and FITZGERALD and CARLAND,* JJ.

LESINSKI, C. J. Plaintiff alleged that in November, 1969, she was injured in a fall on a defective sidewalk south of the street formerly known as Brady. The suit was filed in July, 1972. Defendant City of Detroit asked for accelerated judgment and the motion was granted by the trial court. Plaintiff now appeals from that order.

Defendant's motion was founded upon the defec-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

tive highway statute, MCLA 691.1402; MSA 3.996(102), and its attendant two-year statute of limitations, MCLA 691.1411; MSA 3.996(111). The highway statute provides, in part:

"Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency." MCLA 691.1402; MSA 3.996(102).

"Highway", for the purposes of the above section, is defined as:

"(e) 'Highway' means every public highway, road and street which is *open for public travel* and shall include bridges, sidewalks, crosswalks and culverts *on any highway*. The term 'highway' shall not be deemed to include alleys." (Emphasis supplied.) MCLA 691.1401; MSA 3.996(101).

Implicit in the trial court's order is a finding that the facts alleged in plaintiff's complaint are within the terms of the above quoted statutes. The limited facts in the appellate record do not support such a finding. At the time of the plaintiff's injury, Brady Street apparently had been closed for some time and was being removed to make way for an urban renewal project. Even if, therefore, it could still be considered a public highway, road, or street, it was not "open for public travel" as required by the above definition. Since Brady Street was not a highway, the sidewalk in question was not "on any highway" and was not, therefore, within the terms of the above statutes and their special two-year statute of limitations.

Further proceedings will be required by our disposition of the instant case so it is appropriate that we also consider the rest of the governmental immunity question presented by these facts. If a plaintiff cannot bring an action under one of the statutory exceptions to governmental immunity, then the action is normally barred. MCLA 691.1407; MSA 3.996(107). Two versions of this section have been in effect during the time frame of the instant case so the application of each must be considered separately.

The immunity statute as written at the date of plaintiff's injury was 1964 PA 170, § 7. This version, however, was declared unconstitutional in 1971. *Maki v East Tawas,* 385 Mich 151; 188 NW2d 593 (1971). The effect of such a holding is often stated in broad terms; as the United States Supreme Court phrased it:

"An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never passed." *Norton v Shelby County,* 118 US 425, 442; 6 S Ct 1121, 1125; 30 L Ed 178, 186 (1886).

Although such a statement is not as absolute as its terms suggest (see, *e.g., Poulos v New Hampshire,* 345 US 395, 422; 73 S Ct 760, 775; 97 L Ed 1105, 1122; 30 ALR2d 987, 1004 [1953] [Douglas, J., dissenting opinion]), the exceptions to it do not apply in the instant case. Therefore, 1964 PA 170, § 7, can have no legal effect upon plaintiff's 1969 action.

The Legislature amended the statute effective August 1, 1970, 1970 PA 155, § 7. This date is after the date of plaintiff's injury but before plaintiff's July 28, 1972 filing of a complaint. Which date, therefore, should control application of the amended statute?

Tort actions accrue at the time when all ele-

ments of a cause of action have occurred and can be alleged in a proper complaint. *Connelly v Paul Ruddy's Co,* 388 Mich 146; 200 NW2d 70 (1972). Plaintiff's action thus accrued before the later statute was effective and any effect that the statute could have upon it must be measured by the requirements of equal protection and due process.

A parallel situation was presented in *Minty v Board of State Auditors,* 336 Mich 370; 58 NW2d 106 (1953). *Minty* involved the effect that repeal of a statute could have upon a cause of action that had accrued prior to the repeal but which had not been filed until after the date of the repeal. Citing *Lewis v Railroad Co,* 220 Pa 317 (69 A 821; 18 LRA NS 279; 13 Ann Cas 1142), the Court said:

" 'All authorities agree that the repeal of a statute does not take away the plaintiff's cause of action under it for damages for an injury to person or property. They rest on the sound doctrine, expressed in *Menges v Dentler,* 33 Pa 495 (75 Am Dec 616), * * * that the law of the case at that time when it became complete is an inherent element in it; and, if changed or annulled, the law is annulled, justice denied, and the due course of law is violated.' " 336 Mich 390; 58 NW2d 111.

The Court went on to quote 1 Lewis' Sutherland Statutory Construction (2d ed), § 284:

" 'By the weight of authority, a statutory right of action for damage to person or property, which has accrued, is a vested right and likewise to be protected.' " 336 Mich 391; 58 NW2d 112.

Although the present facts involve the reenactment of a statute rather than a repeal, the *Minty* case is persuasive. Invalidating the plaintiff's present cause of action would also abrogate vested rights by a change in substantive law. Such is not permissible under the limitations of due process

and equal protection. The date of the injury is therefore controlling and 1970 PA 155, § 7 cannot be raised to defeat the present cause of action.

Reversed and remanded for further proceedings consistent with this opinion. No costs, a public question being involved.

All concurred.