## HATCH v GRAND HAVEN CHARTER TOWNSHIP

Docket No. 202063. Submitted May 12, 1998, at Grand Rapids. Decided July 14, 1998, at 9:15 A.M. Leave to appeal sought.

Terry M. Hatch brought an action in the Ottawa Circuit Court against Grand Haven Charter Township, alleging liability under the highway exception to governmental immunity, MCL 691.1402(1); MSA 3.996(102)(1), for the plaintiff's injuries resulting from a fall from a bicycle when the front tire of the bicycle struck a hole in a paved bicycle path that runs parallel and adjacent to Lakeshore Drive in the defendant township. The court, Calvin L. Bosman, J., granted summary disposition for the defendant, finding that the path was not a sidewalk on a highway within the meaning of MCL 691.1401(e); MSA 3.996(101)(e). The plaintiff appealed.

The Court of Appeals *held*:

1. The phrase "sidewalks . . . on any highway" in MCL 691.1401(e); MSA 3.996(101)(e) denotes a paved way dedicated to the use of pedestrians that runs alongside and adjacent to a public roadway and within the right of way of the roadway. Here, the path is located within the right of way of Lakeshore Drive and, at the point where the plaintiff fell, runs alongside and adjacent to Lakeshore Drive. The path is on the highway within the meaning of subsection e.

2. The path, at the point where the plaintiff fell, qualifies as a sidewalk for purposes of the highway exception to governmental immunity. The path, although created as a "bicycle path" by the defendant, was used by both pedestrians and bicyclists and the defendant did not post the path as being for bicycle use only or restrict access to the path to bicyclists only.

Reversed and remanded.

1. GOVERNMENTAL IMMUNITY — HIGHWAY EXCEPTION — SIDEWALKS.

MCL 691.1401(e); MSA 3.996(101)(e) defines "highway" for purposes of governmental immunity to include sidewalks on any public highway; the phrase "sidewalks . . . on any highway" denotes a paved way dedicated to the use of pedestrians that runs alongside and adjacent to a public roadway and within the right of way of the roadway; a sidewalk is part of a highway for which a governmental agency may be held liable for personal injury or property damage

pursuant to the highway exception to governmental immunity, MCL 691.1402(1); MSA 3.996(102)(1), where the sidewalk is adjacent to or alongside the highway.

2. GOVERNMENTAL IMMUNITY — HIGHWAY EXCEPTION — SIDEWALKS — BICYCLE PATHS.

A paved path used by both pedestrians and bicyclists may be found to be a sidewalk on a public highway within the defective highway exception to governmental immunity where it runs alongside and adjacent to the highway and within the right of way of the highway and where, even though the path was created as a "bicycle path" by the governmental agency having jurisdiction over the path, the agency neither posted the path as being for bicycle use only nor restricted access to the path to bicyclists only (MCL 691.1401[e], 691.1402[1]; MSA 3.996[101][e], 3.996[102][1]).

*Scheuerle & Zitta* (by *John R. Scheuerle*), for the plaintiff.

*Plunkett & Cooney, P.C.* (by *Christine D. Oldani* and *Andrew C. Vredenburg*), for the defendant.

Before: FITZGERALD, P.J., and HOLBROOK, JR., and CAVANAGH, JJ.

PER CURIAM. Plaintiff appeals as of right the trial court order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(7). We reverse and remand.

On September 12, 1995, plaintiff was riding his bicycle on a paved bicycle path that runs parallel and adjacent to Lakeshore Drive in defendant Grand Haven Charter Township when the front tire of his bike struck a hole in the path, causing him to fall to the pavement. Plaintiff's injuries included a fractured arm and hip.

Photographic exhibits in the record show a snow-covered path running through wooded lots and parallel to Lakeshore Drive. At the site of plaintiff's fall, the eight-foot-wide path is located between Lakeshore

Drive and a private drive, within the one-hundred-foot road right of way, and approximately thirty feet from Lakeshore Drive. The path is separated from the roadway by trees, brush, and other forms of vegetation.

On November 10, 1995, plaintiff commenced a negligence action, seeking damages for his injuries. Plaintiff alleged that defendant negligently maintained the path and that he was entitled to recover for his injuries pursuant to the highway exception to governmental immunity, MCL 691.1402; MSA 3.996(102).

Defendant moved for summary disposition under MCR 2.116(C)(7) on the ground that the highway exception did not apply because the path is outside the improved portion of the highway designed for vehicular travel. MCL 691.1402(1); MSA 3.996(102)(1). The trial court denied the motion without prejudice on the ground that the factual record was not sufficient to decide the motion.

Following discovery, defendant renewed its motion on the ground that the highway exception did not apply because the path is not a sidewalk on a highway within the meaning of MCL 691.1401(e); MSA 3.996(101)(e). The trial court concluded that the path was not a sidewalk within the meaning of the statute and therefore granted defendant's motion for summary disposition. Plaintiff's motion for reconsideration was denied.

MCR 2.116(C)(7) provides that summary disposition is proper when a claim is barred because of immunity granted by law. When reviewing a motion for summary disposition granted pursuant to MCR 2.116(C)(7), this Court must accept as true the plaintiff's well-pleaded allegations and construe them in a light most favorable to the plaintiff. The motion

should not be granted unless no factual development of the record could provide a basis for recovery. *MS Development, Inc v Auto Plaza of Woodhaven (After Remand)*, 220 Mich App 540, 545; 560 NW2d 62 (1996), rev'd on other grounds 456 Mich 931 (1998).

The highway exception is a narrowly drawn exception to the broad grant of immunity for governmental units. *Scheurman v Dep't of Transportation*, 434 Mich 619, 630; 456 NW2d 66 (1990). No action may be maintained under the highway exception unless it is clearly within the scope and meaning of the statute. *Id.* For purposes of the highway exception, the term includes "sidewalks . . . on any highway." Thus, the narrow issue of first impression presented for our consideration is whether the bicycle path at issue is a "sidewalk" within the meaning of the highway exception to governmental immunity.[1]

A panel of this Court recently addressed the meaning of the phrase "sidewalks . . . on any highway." In *Stabley v Huron-Clinton Metropolitan Park Authority*, 228 Mich App 363; 579 NW2d 374 (1998), this Court was asked to determine whether a paved path designated as a "Hike-Bike Trail" that meandered through the Stoney Creek Metropolitan Park, in some

---

[1] Although our Supreme Court has twice visited the question whether the highway exception extends to bicycle paths, see *Gregg v State Hwy Dep't*, 435 Mich 307; 458 NW2d 619 (1990), and *Roy v Dep't of Transportation*, 428 Mich 330; 408 NW2d 783 (1987), these opinions are inapposite because neither case addresses whether a bicycle path is a sidewalk. Instead, these cases address whether a bicycle path constitutes an installation outside the improved portion of the highway designed for vehicular traffic. The liability of the state and counties is limited under MCL 691.1402(1); MSA 3.996(102)(1) to only the improved portions of highways designed for vehicular traffic. *Cox v Dearborn Heights*, 210 Mich App 389, 392; 534 NW2d 135 (1995); *Davis v Chrysler Corp*, 151 Mich App 463, 468-469; 391 NW2d 376 (1986).

places running parallel to the road, in other locations running through the wooded interior of the park, and at some points crossing the road that ran through the park, constituted a "sidewalk on any highway" for purposes of the highway exception. The Court concluded that the defendants were entitled to immunity, opining:

> According to *Webster's New World Dictionary*, a "sidewalk" is "a path for pedestrians, usually paved, along the side of a street." *The American Heritage Dictionary: Second College Edition* defines "sidewalk" as a "walk or raised path for pedestrians along the side of a road." *Random House Webster's College Dictionary* (1992) defines "sidewalk" as "a usu. paved walk at the side of a roadway." In Black's Law Dictionary (6th ed), "sidewalk" is defined as "[t]hat part of a public street or highway designed for the use of pedestrians."
>
> Furthermore, the Supreme Court has looked to definitions set forth in the Michigan Vehicle Code to ascertain the meaning of terms shared by the Michigan Vehicle Code and the governmental immunity statute. See *Roy v Dep't of Transportation*, 428 Mich 330, 338-340; 408 NW2d 783 (1987). In the Michigan Vehicle Code, the term "sidewalk" is defined as "that portion of a street between the curb lines, or lateral lines of roadway, and the adjacent property lines intended for the use of pedestrians." MCL 257.60; MSA 9.1860.
>
> There are no published Michigan cases that expressly construe the phrase "sidewalks . . . on any highway." However, the highway exception has been applied where the injury was sustained on a sidewalk "adjacent" to or "along" a county road. See *Listanski v Canton Twp*, 452 Mich 678, 682; 551 NW2d 98 (1996). Moreover, in *Campbell v Detroit*, 51 Mich App 34, 35-36; 214 NW2d 337 (1973), this Court determined that a sidewalk alongside a street that had been closed for some time and was being removed for an urban renewal project was not a sidewalk "on any highway"

because the street was not open for public travel, as required by the statutory definition of highway.

In light of the foregoing, we conclude that linking the word "sidewalk" with an adjacent road is in accord with the common and approved usage of the word. See *USAA Ins Co v Houston General Ins Co*, 220 Mich App 386, 391; 559 NW2d 98 (1996). Plaintiff's fall did not occur on the portion of the trail that runs adjacent to the roadway, but rather on the portion that runs through the wooded interior of the park. Because plaintiff's fall did not occur on a pedestrian way that ran alongside a public roadway, plaintiff's fall did not occur on a "sidewalk" within the meaning of MCL 691.1401(e); MSA 3.996(101)(e). Consequently, defendants are entitled to immunity. [*Stabley, supra* at 367-369.]

Thus, pursuant to *Stabley*, the phrase "sidewalks . . . on any highway" denotes a paved way dedicated to the use of pedestrians that runs alongside and adjacent to a public roadway and within the right of way of the roadway.

Here, the path is located within the right of way of Lakeshore Drive. At the point where plaintiff fell, the path runs alongside and adjacent to Lakeshore Drive.[2] Accordingly, the path is "on any highway" within the meaning of MCL 691.1401(e); MSA 3.996(101)(e). However, the question remains whether the path qualifies as a sidewalk within the defective highway exception. According to defendant, the path was created as a bicycle path. See MCL 41.722(1)(g); MSA 5.2770(52)(1)(g) (a township is authorized to construct, maintain, and improve bicycle paths). To the extent that the path was dedicated to the use of bicy-

---

[2] Thus, this case is factually distinguishable from *Stabley, supra*. In *Stabley*, the plaintiff's fall did not occur on the portion of the trail adjacent to the roadway, but rather on the portion of the trail that runs through the wooded interior of the defendant park.

clists and not to pedestrians, the path does not appear to be a sidewalk within the meaning of the highway exception. *Stabley, supra.* Nevertheless, the "Hike-Bike Trail" in *Stabley* appears to be the functional equivalent of the path in this case. The photographic exhibits in the record show numerous footprints in the snow covering the bicycle path. Clearly, pedestrians as well as bicyclists use the path. There is no indication in the record that defendant either posted the trail as being for bicycle use only or restricted access to the path to bicyclists only. The only difference between the "Hike-Bike Trail" in *Stabley* and the instant path is the label assigned the paths by the respective governmental agencies having jurisdiction over the paths. Accordingly, we conclude that the path qualifies as a sidewalk for purposes of the highway exception at the point where plaintiff fell.[3] Consequently, defendant is not entitled to immunity. *Listanski, supra.*

Reversed and remanded for trial. Jurisdiction is not retained.

---

[3] *Stabley, supra,* implies that only the precise location at which an injury occurs is relevant in determining whether a given area constitutes a "sidewalk . . . on any highway" for purposes of the highway exception to governmental immunity.