HATCH v GRAND HAVEN TOWNSHIP

Docket No. 113286. Decided March 7, 2000. On application by the defendant for leave to appeal, the Supreme Court, in lieu of granting leave, reversed the judgment of the Court of Appeals and reinstated the judgment of the circuit court.

Terry M. Hatch brought an action in the Ottawa Circuit Court against Grand Haven Charter Township for damages resulting from injuries suffered when he fell from his bicycle after striking a hole in a paved bicycle path in the township. He alleged liability under the highway exception to government immunity. The township moved for summary disposition, maintaining that the bike path was not a sidewalk on a highway within the meaning of MCL 691.1401(e); MSA 3.996(101)(e). The court, Calvin L. Bosman, J., granted the motion. The Court of Appeals, FITZGERALD, P.J., and D. E. HOLBROOK JR. and CAVANAGH, JJ., reversed in an opinion per curiam, finding that the path is on the highway within the meaning of the statute and that it qualifies as a sidewalk for purposes of the highway exception to governmental immunity. 230 Mich App 705 (1998) (Docket No. 202063). The township seeks leave to appeal.

In an opinion per curiam, signed by Chief Justice WEAVER, and Justices TAYLOR, CORRIGAN, YOUNG, and MARKMAN, the Supreme Court *held*:

The bike path does not qualify as a sidewalk. Thus, governmental immunity applies, and the defendant was entitled to judgment as a matter of law.

1. The highway exception to governmental immunity is a narrowly drawn exception to a broad grant of immunity. An action may not be maintained under the highway exception unless it is clearly within the scope and meaning of the statute. In order for the plaintiff to proceed, the path on which he was injured must constitute a sidewalk. While a paved way's proximity to a highway is a necessary condition for determining that it is a sidewalk under the highway exception to governmental immunity, it is not a sufficient condition. Regardless of its proximity to a highway, a bicycle path is simply not a sidewalk.

2. The plaintiff's complaint describes the location of the injury as a bicycle path. Where the plaintiff fell, the bike path was approxi-

mately thirty feet from the roadway and separated from the road by trees and brush. At that point, the bicycle path was within the right of way of Lakeshore Drive. However, the fact that at the particular location where this injury took place was one where the bicycle path was relatively close to the road does not convert the bicycle path into a sidewalk. Nor does the fact that pedestrians sometimes walk on the path change its character.

Reversed.

Justice KELLY, joined by Justice CAVANAGH, dissenting, stated that the phrase "sidewalks . . . on any highway" denotes a paved way dedicated to the use of pedestrians that runs alongside and adjacent to a public roadway and within the right of way of the roadway. Simply because the path in question was labeled a bike path did not prevent it from being a sidewalk. If the label had compelling significance, municipalities might be encouraged to classify all paths as bicycle paths to avoid liability, resulting in an unwarranted circumscription of MCL 691.1401(e); MSA 3.996(101)(e), because sidewalk paths that are "on any highway" would no longer be "sidewalks" as defined in the statute.

*Scheuerle & Zitta* (by *John R. Scheuerle*) for the plaintiff-appellee.

*Plunkett & Cooney, P.C.* (by *Christine D. Oldani*), for the defendant-appellant.

PER CURIAM. Plaintiff fell from his bicycle and was injured when the front tire of the bicycle struck a hole in a paved bicycle path in defendant township. He sued the township, alleging liability under the highway exception to governmental immunity.

Defendant moved for summary disposition, maintaining that the bike path was not a "sidewalk" on a highway within the meaning of MCL 691.1401(e); MSA 3.996(101)(e). The circuit court granted the motion, but the Court of Appeals reversed, finding that the path is on the highway within the meaning of subsection (e) and that it qualifies as a sidewalk for purposes of the highway exception to governmental immunity.

We conclude that the bike path did not qualify as a "sidewalk." Thus, governmental immunity applies, and the defendant was entitled to judgment as a matter of law.

I

On September 12, 1995, at about 4:30 P.M., plaintiff was riding his bicycle on a paved bicycle path in defendant Grand Haven Charter Township. The front tire of his bicycle struck a hole in the path, causing him to fall to the pavement. Plaintiff sustained various injuries, including a fractured arm and hip. At the site of plaintiff's fall, the eight-foot-wide path is approximately thirty feet from Lakeshore Drive within the 100-foot road right of way. Photographic exhibits in the record show the path running through wooded lots and parallel to Lakeshore Drive. The path is separated from the roadway by trees, brush, and other forms of vegetation.

Plaintiff brought this action against the township, seeking damages for his injuries. He alleged that defendant negligently maintained the bike path and that he was entitled to recover for his injuries under the highway exception to governmental immunity. MCL 691.1402; MSA 3.996(102).

Following discovery, the defendant moved for summary disposition. It argued that the highway exception did not apply because the path was located outside the improved portion of the highway designed for vehicular travel. The circuit court granted the motion in an oral opinion from the bench, and then elaborated in a written opinion denying plaintiff's motion for reconsideration, explaining:

Plaintiff has recognized the application of governmental immunity by bringing this action under the statutory exception found in 691.1402. However, that exception does not by definition include bicycle paths. Plaintiff argues that there is no difference between a bicycle path and a sidewalk. This Court disagrees. A sidewalk is generally recognized as a paved pathway for pedestrian traffic along side a highway or street. A bike path is a paved path designed and intended for bicycle travel. The fact that bicyclists and rollerbladers may use a sidewalk or pedestrians and rollerbladers may use a bike path does not change the characteristic or purpose of either one any more than the use of a street by pedestrians, bicyclists or rollerbladers make the street a sidewalk or bike path.

This Court does tend to agree with plaintiff in principle that there does not seem much logical difference to making an immunity exception for defective sidewalks but not bike paths that are "on any highway" as both are intended to be used for non-vehicular travel. The Legislature recognized that a distinction exists between sidewalks and bicycle paths in authorizing townships to construct both as public improvements. See MCL 41.722(1)(g) Bicycle Paths and (k) Sidewalks [MSA 5.2770(52)(1)(g), (k)]. The Legislature had the opportunity to also amend the definition of highways to include bicycle paths "on a highway" but has chosen not to.

Because the Supreme Court has ruled the immunity is broadly given with narrowly drawn exceptions it is improper for this Court to add bicycle paths to the list of exceptions.

The plaintiff appealed, and the Court of Appeals reversed.[1]

---

[1] 230 Mich App 705; 584 NW2d 641 (1998).

II

The highway exception to governmental immunity is found in MCL 691.1402(1); MSA 3.996(102)(1):

> Each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person sustaining bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him or her from the governmental agency. . . . The duty of the state and the county road commissions to repair and maintain highways, and the liability for that duty, extends only to the improved portion of the highway designed for vehicular travel and does not include sidewalks, crosswalks, or any other installation outside of the improved portion of the highway designed for vehicular travel.

The definition of "highway" in MCL 691.1401(e); MSA 3.996(101)(e) includes sidewalks:[2]

---

[2] Under MCL 691.1402; MSA 3.996(102) the duty of the state or county road commissions extends only to the improved portions of the highway designed for vehicular travel and does not include sidewalks and certain other installations. That limitation does not apply to governmental units like the defendant township.

In the context of state defendants, we have twice considered whether bicycle paths were within the highway exception, holding that they were an installation outside the improved portion of the highway designed for vehicular traffic, and thus not within the exception. *Gregg v State Hwy Dep't*, 435 Mich 307; 458 NW2d 619 (1990); *Roy v Dep't of Transportation*, 428 Mich 330; 408 NW2d 783 (1987).

We note that the Legislature has recently amended the governmental immunity statute to limit the liability of municipalities for injuries occurring on a "sidewalk, trailway, crosswalk, or other installation" outside the improved portion of the highway designed for vehicular travel. See MCL 691.1402a; MSA 3.996(102a), added by 1999 PA 205. The amendment applies to causes of action arising on or after its effective date, December 21, 1999, and thus does not apply to this case.

> *"Highway" means every public highway*, road, and
> street which is open for public travel *and shall include*
> bridges, sidewalks, crosswalks, and culverts *on any high-*
> *way*. The term highway does not include alleys, trees, and
> utility poles. [Emphasis added.]

The Court of Appeals noted that another panel had
recently considered the meaning of the phrase "side-
walks . . . on any highway" in *Stabley v Huron-*
*Clinton Metropolitan Park Authority*, 228 Mich App
363; 579 NW2d 374 (1998). It involved a "hike-bike
trail" that meandered through a park, in some places
running parallel to the road, in others running
through the wooded interior of the park, and at some
points crossing the road that ran through the park. *Id.*
at 364. The *Stabley* Court looked to dictionary defini-
tions of "sidewalk":

> According to *Webster's New World Dictionary*, a "side-
> walk" is "a path for pedestrians, usually paved, along the
> side of a street." *The American Heritage Dictionary: Sec-*
> *ond College Edition* defines "sidewalk" as a "walk or raised
> path for pedestrians along the side of a road." *Random*
> *House Webster's College Dictionary* (1992) defines "side-
> walk" as "a usu. paved walk at the side of a roadway." In
> Black's Law Dictionary (6th ed), "sidewalk" is defined as
> "[t]hat part of a public street or highway designed for the
> use of pedestrians." [228 Mich App 367.]

The *Stabley* Court also noted the definition of
"sidewalk" in the Motor Vehicle Code as "that portion
of a street between the curb lines, or the lateral lines
of roadway, and the adjacent property lines intended
for the use of pedestrians." MCL 257.60; MSA 9.1860.
The Court noted that we have looked to definitions in
the Motor Vehicle Code to interpret terms also found
in the governmental immunity statute. See *Roy v*

*Dep't of Transportation*, 428 Mich 330; 408 NW2d 783 (1987).

The *Stabley* Court said that the cases have applied the highway exception where the injury is sustained on a sidewalk "adjacent" to or "along" a road. It found that the highway exception did not apply because the injury did not occur on the portion of the trail adjacent to the roadway, but rather on a portion that ran through the wooded interior of the park.

Applying *Stabley*, the panel in the instant case viewed the phrase "sidewalks . . . on any highway" as denoting "a paved way dedicated to the use of pedestrians that runs alongside and adjacent to a public roadway and within the right of way of the roadway." 230 Mich App 710.

The Court concluded that the basic requirements were met. The path was located within the right of way of Lakeshore Drive. At the point where plaintiff fell, the path runs alongside and adjacent to the road.

The remaining question was whether the path qualified as a sidewalk. Defendant maintained that the path was created as a bicycle path. See MCL 41.722(1)(g); MSA 5.2770(52)(1)(g) (authorizing townships to construct, maintain, and improve bicycle paths). The Court said that to the extent that the path was dedicated to the use of bicyclists and not pedestrians it would not appear to be a sidewalk. However, the hike-bike trail in *Stabley* was the functional equivalent of this path. The photographic exhibits show numerous footprints in the snow[3] covering the bicycle path, indicating that pedestrians used it. The

---

[3] The photographs were taken in winter. There was no snow on the path at the time of the plaintiff's injury.

Court said that there was no indication that defendants either posted the trail for bicycle use only or restricted access to bicyclists. Since the only difference between the trail in *Stabley* and the instant path was the label assigned to the paths by the governmental agency having jurisdiction, the Court concluded that the path qualified as a sidewalk at the point where plaintiff was injured, and thus fell within the highway exception.

III

We have held that the highway exception is a narrowly drawn exception to a broad grant of immunity. An action may not be maintained under the highway exception unless it is clearly within the scope and meaning of the statute. *Scheurman v Dep't of Transportation*, 434 Mich 619, 626-627, 630; 456 NW2d 66 (1990). Thus, in order for the plaintiff to proceed, the path on which he was injured must constitute a "sidewalk."

It is a fundamental principle of statutory construction that the words used by the Legislature should be given their common ordinary meaning. *People v McIntire*, 461 Mich 147, 153; 599 NW2d 102 (1999). As the dictionary definitions of that term cited in *Stabley* indicate, as commonly understood, a sidewalk is a path for pedestrians along the side of a road. The Legislature has in a number of statutes distinguished between the sidewalks and bike paths, and recognized bicycle paths as a distinct category. MCL 750.419; MSA 28.651, MCL 257.679a; MSA 9.2379(1). Therefore, while a paved way's proximity to a highway is a necessary condition for determining that it is

a sidewalk under the highway exception to governmental immunity, it is not a sufficient condition. While the *Stabley* panel justifiably relied, in part, on the distance between the injury and the highway in that case to reach the right result, the panel in this case erred by concluding that the lack of such distance was dispositive. Regardless of its proximity to a highway, a bicycle path is simply not a sidewalk.

The plaintiff's complaint in this case describes the location of the injury as a bicycle path. Where plaintiff fell, the bike path was approximately thirty feet from the roadway and separated from the road by trees and brush. At that point, the bicycle path was within the right of way of Lakeshore Drive. However, the fact that at the particular location where this injury took place was one where the bicycle path was relatively close to the road does not convert the bicycle path into a sidewalk. Nor does the fact that pedestrians sometimes walk on the path change its character.[4]

---

[4] The dissent expresses concern that "municipalities might be encouraged to classify all paths as 'bicycle paths' to avoid liability." *Post* at 469. First, there is no issue of a sham labeling in the present case. Rather, it is undisputed that the path at issue is truly a bicycle path. Indeed, plaintiff even referred to the path as a bicycle path in his complaint. Also, unlike a typical sidewalk, the present bicycle path is not continuously aligned with a particular street. While plaintiff in effect argues that a single path can be *both* a bicycle path and a sidewalk, our conclusion is that these are distinct and mutually exclusive legal categories. In any event, we consider it plain that the question whether a path is a "sidewalk[] . . . on any highway" for purposes of the statutory highway exception to governmental immunity is determined by an objective analysis of the facts, not by the labels attached by a municipality. This opinion cannot reasonably be understood as authorizing a municipality to avoid potential liability by a sham labeling of all its sidewalks as "bicycle paths."

IV

Thus, we conclude that the circuit court properly ruled that the bicycle path did not come within the highway exception to governmental immunity and that the defendant was entitled to judgment as a matter of law. We therefore reverse the judgment of the Court of Appeals and reinstate the judgment of the Ottawa Circuit Court.

WEAVER, C.J., and TAYLOR, CORRIGAN, YOUNG, and MARKMAN, JJ., concurred.

KELLY, J. (*dissenting*). I depart from the majority's analysis and bold conclusion that "a bicycle path is simply not a sidewalk." *Ante* at 465. Instead, I believe that the Court of Appeals arrived at a reasonable conclusion and properly applied the definition of "sidewalk" used in *Stabley v Huron-Clinton Metropolitan Park Authority*, 228 Mich App 363; 579 NW2d 374 (1998). Accordingly, I adopt the following portion of the Court of Appeals opinion:

> The highway exception is a narrowly drawn exception to the broad grant of immunity for governmental units. *Scheurman v Dep't of Transportation*, 434 Mich 619, 630; 456 NW2d 66 (1990). No action may be maintained under the highway exception unless it is clearly within the scope and meaning of the statute. *Id.* For purposes of the highway exception, the term includes "sidewalks . . . on any highway." Thus, the narrow issue of first impression presented for our consideration is whether the bicycle path at issue is a "sidewalk" within the meaning of the highway exception to governmental immunity.[1]

---

[1] Although our Supreme Court has twice visited the question whether the highway exception extends to bicycle paths, see *Gregg v State Hwy Dep't*, 435 Mich 307; 458 NW2d 619 (1990), and *Roy v Dep't of Transportation*, 428 Mich 330; 408 NW2d 783 (1987), these

opinions are inapposite because neither case addresses whether a bicycle path is a sidewalk. Instead, these cases address whether a bicycle path constitutes an installation outside the improved portion of the highway designed for vehicular traffic. The liability of the state and counties is limited under MCL 691.1402(1); MSA 3.996(102)(1) to only the improved portions of highways designed for vehicular traffic. *Cox v Dearborn Heights*, 210 Mich App 389, 392; 534 NW2d 135 (1995); *Davis v Chrysler Corp*, 151 Mich App 463, 468-469; 391 NW2d 376 (1986).

A panel of this Court recently addressed the meaning of the phrase "sidewalks . . . on any highway." In *Stabley v Huron-Clinton Metropolitan Park Authority*, 228 Mich App 363; 579 NW2d 374 (1998), this Court was asked to determine whether a paved path designated as a "Hike-Bike Trail" that meandered through the Stoney Creek Metropolitan Park, in some places running parallel to the road, in other locations running through the wooded interior of the park, and at some points crossing the road that ran through the park, constituted a "sidewalk on any highway" for purposes of the highway exception. The Court concluded that the defendants were entitled to immunity, opining:

"According to *Webster's New World Dictionary*, a 'sidewalk' is 'a path for pedestrians, usually paved, along the side of a street.' *The American Heritage Dictionary: Second College Edition* defines 'sidewalk' as a 'walk or raised path for pedestrians along the side of a road.' *Random House Webster's College Dictionary* (1992) defines 'sidewalk' as 'a usu. paved walk at the side of a roadway.' In Black's Law Dictionary (6th ed), 'sidewalk' is defined as '[t]hat part of a public street or highway designed for the use of pedestrians.'

"Furthermore, the Supreme Court has looked to definitions set forth in the Michigan Vehicle Code to ascertain the meaning of terms shared by the Michigan Vehicle Code and the governmental immunity statute. See *Roy v Dep't of Transportation*, 428 Mich 330, 338-340; 408 NW2d 783 (1987). In the Michigan Vehicle Code, the term 'sidewalk' is defined as 'that portion of a street between the curb lines, or lateral lines of roadway, and the adjacent property lines intended for the use of pedestrians.' MCL 257.60; MSA 9.1860.

"There are no published Michigan cases that expressly construe the phrase 'sidewalks . . . on any highway.' However, the highway exception has been applied where the injury was sustained on a sidewalk 'adjacent' to or 'along' a county road. See *Listanski v Canton Twp*, 452 Mich 678, 682; 551 NW2d 98 (1996). Moreover, in *Campbell v Detroit*, 51 Mich App 34, 35-36; 214 NW2d 337 (1973), this Court determined that a sidewalk alongside a street that had been closed for some time and was being removed for an urban renewal project was not a sidewalk 'on any highway' because the street was not open for public travel, as required by the statutory definition of highway.

"In light of the foregoing, we conclude that linking the word 'sidewalk' with an adjacent road is in accord with the common and approved usage of the word. See *USAA Ins Co v Houston General Ins Co*, 220 Mich App 386, 391; 559 NW2d 98 (1996). Plaintiff's fall did not occur on the portion of the trail that runs adjacent to the roadway, but rather on the portion that runs through the wooded interior of the park. Because plaintiff's fall did not occur on a pedestrian way that ran alongside a public roadway, plaintiff's fall did not occur on a 'sidewalk' within the meaning of MCL 691.1401(e); MSA 3.996(101)(e). Consequently, defendants are entitled to immunity. [*Stabley, supra* at 367-369.]"

Thus, pursuant to *Stabley*, the phrase "sidewalks . . . on any highway" denotes a paved way dedicated to the use of pedestrians that runs alongside and adjacent to a public roadway and within the right of way of the roadway.

Here, the path is located within the right of way of Lakeshore Drive. At the point where plaintiff fell, the path runs alongside and adjacent to Lakeshore Drive.[2] Accordingly, the path is "on any highway" within the meaning of MCL 691.1401(e); MSA 3.996(101)(e). However, the question remains whether the path qualifies as a sidewalk within the defective highway exception. According to defendant, the path was created as a bicycle path. See MCL 41.722(1)(g); MSA 5.2770(52)(1)(g) (a township is authorized to construct, maintain, and improve bicycle paths). To the extent that the path was dedicated to the use of bicyclists and not to pedestrians, the path does not appear to be a sidewalk

within the meaning of the highway exception. *Stabley,
supra.* Nevertheless, the "Hike-Bike Trail" in *Stabley*
appears to be the functional equivalent of the path in this
case. The photographic exhibits in the record show numer-
ous footprints in the snow covering the bicycle path.
Clearly, pedestrians as well as bicyclists use the path. There
is no indication in the record that defendant either posted
the trail as being for bicycle use only or restricted access to
the path to bicyclists only. The only difference between the
"Hike-Bike Trail" in *Stabley* and the instant path is the label
assigned the paths by the respective governmental agencies
having jurisdiction over the paths. Accordingly, we con-
clude that the path qualifies as a sidewalk for purposes of
the highway exception at the point where plaintiff fell.[3]
Consequently, defendant is not entitled to immunity. *Lis-
tanski, supra.*

---

[2] Thus, this case is factually distinguishable from *Stabley, supra.*
In *Stabley,* the plaintiff's fall did not occur on the portion of the
trail adjacent to the roadway, but rather on the portion of the trail
that runs through the wooded interior of the defendant park.

[3] *Stabley, supra,* implies that only the precise location at which
an injury occurs is relevant in determining whether a given area
constitutes a "sidewalk . . . on any highway" for purposes of the
highway exception to governmental immunity.

---

[*Hatch v Grand Haven Twp,* 230 Mich App 705, 708-711; 584
NW2d 641 (1998).]

The Court of Appeals in this case essentially held
that simply because it was labeled a bike path did not
prevent the path in question from being a sidewalk. If
the label had compelling significance, municipalities
might be encouraged to classify all paths as "bicycle
paths" to avoid liability. This would result in an
unwarranted circumscription of MCL 691.1401(e);
MSA 3.996(101)(e), because sidewalk paths that *are*
"on any highway" would no longer be "sidewalks" as
defined in the statute. The *Stabley* definition of "side-
walk" prevents this apparent anomaly from occurring.

I would endorse the *Stabley* definition and, accordingly affirm the judgment of the Court of Appeals.

CAVANAGH, J., concurred with KELLY, J.