*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KAILEE ABNER, a Minor, by Next Friend
MICHELLE ABNER,

UNPUBLISHED
February 19, 2019

Plaintiff-Appellee,

v

No. 341071
Wayne Circuit Court
LC No. 17-000528-NO

CITY OF DETROIT,

Defendant-Appellant.

Before: CAVANAGH, P.J., and BORRELLO and REDFORD, JJ.

PER CURIAM.

Defendant appeals as of right an order denying its motion for summary disposition of this claim arising under the highway exception to governmental immunity, MCL 691.1402. We reverse and remand for entry of an order granting defendant's motion for summary disposition.

On July 9, 2016, plaintiff, who was 22 months old, was walking with her mother on the sidewalk near 3159 Ewald Circle in Detroit when she tripped and fell on an alleged defect in the sidewalk and suffered a broken wrist and chipped baby tooth.

On August 17, 2016, plaintiff's former counsel filed a "notice of injury claim" which provided the date and location of the fall, a description of plaintiff's injuries, photographs of the alleged defective sidewalk and surrounding area, and the name and address of plaintiff's mother who was identified as the only witness.

On January 6, 2017, a complaint was filed on plaintiff's behalf and, on February 7, 2017, a first amended complaint was filed.[1] Both indicated that plaintiff's injury occurred at 3185 Ewald Circle in Detroit. The first amended complaint alleged a claim of premises liability

---

[1] An order appointing Michelle Abner, plaintiff's mother, as plaintiff's next friend was entered by the trial court on January 11, 2017. We refer to the injured child as "plaintiff."

arising from an allegedly defective sidewalk located at 3185 Ewald Circle. A second amended complaint was later filed which clarified that the correct location of plaintiff's fall was at 3159 Ewald Circle, as stated in the notice of injury claim.

In September 2017, defendant filed a motion for summary disposition, arguing that governmental immunity barred plaintiff's case because her notice of injury claim did not comply with MCL 691.1404(1) in that it failed to identify her father as an eyewitness to her fall. That is, plaintiff's mother testified in her deposition that plaintiff's father also saw plaintiff fell but he was not named as a witness in plaintiff's presuit notice. Further, defendant argued, the location of plaintiff's fall was not a "sidewalk;" rather, plaintiff fell in the driveway apron at 3159 Ewald Circle and a driveway apron is neither a "sidewalk" nor a "highway" within the contemplation of the highway exception to governmental immunity. Accordingly, defendant argued that plaintiff's case must be dismissed.

Plaintiff responded to defendant's motion for summary disposition, arguing that plaintiff's notice substantially complied with MCL 691.1404, and thus, the minor defect of failing to disclose that her father witnessed her fall did not warrant dismissal. Further, plaintiff fell on a sidewalk, not a driveway apron—which is an ambiguous term—but, in any case, such "apron" is defendant's responsibility as the easement owner. Accordingly, plaintiff argued, defendant was not entitled to summary disposition.

Defendant filed a reply to plaintiff's response to its motion for summary disposition, arguing that, while substantial compliance used to be sufficient to satisfy a statutory notice provision, the trend in our Supreme Court caselaw has been to require strict compliance.[2] And, in any case, the failure to disclose a known witness in the presuit notice is not a minor defect such as to be deemed in substantial compliance with MCL 691.1404. Further, plaintiff clearly fell in the driveway apron at 3159 Ewald Circle and the apron is not a "sidewalk" for purposes of the highway exception to governmental immunity. Accordingly, defendant argued, its motion must be granted.

Following oral arguments, the trial court denied defendant's motion, holding that plaintiff's failure to list her father as a witness was a minor omission and the location where plaintiff fell was a sidewalk for purposes of the highway exception to governmental immunity. Accordingly, defendant was not entitled to summary disposition of plaintiff's claim. This appeal followed.

Defendant argues that its motion for summary disposition should have been granted because plaintiff's notice of injury claim did not comply with MCL 691.1404(1). We agree.

A trial court's decision on a motion for summary disposition is reviewed de novo. *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004). A motion filed under MCR

---

[2] See, e.g., *McCahan v Brennan*, 492 Mich 730; 822 NW2d 747 (2012); *Jakupovic v City of Hamtramck*, 489 Mich 939; 798 NW2d 12 (2011); *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197; 731 NW2d 41 (2007).

2.116(C)(7) tests whether a claim is barred by immunity, and requires that all documentary evidence submitted by the parties be considered in the light most favorable to the nonmoving party. *Haliw v Sterling Heights*, 464 Mich 297, 301-302; 627 NW2d 581 (2001) (citation omitted); *Herman v Detroit*, 261 Mich App 141, 143-144; 680 NW2d 71 (2004). If a relevant factual dispute exists, summary disposition may not be granted. *Moraccini v Sterling Heights*, 296 Mich App 387, 391; 822 NW2d 799 (2012). Further, we review de novo the applicability of governmental immunity and its statutory exceptions. *Id*.

The governmental tort liability act (GTLA) affords governmental agencies engaged in a governmental function with broad immunity from tort claims but there are six statutory exceptions, including the highway exception at issue here, MCL 691.1402. See *In re Bradley Estate*, 494 Mich 367, 378 n 21; 835 NW2d 545 (2013); *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 158; 615 NW2d 702 (2000). The highway exception to governmental immunity provides, in relevant part:

> Each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency. [MCL 691.1402(1).]

MCL 691.1402a imposes liability on a municipality for injuries that occur because of a defective or dangerous sidewalk, stating in part: "A municipal corporation in which a sidewalk is installed adjacent to a municipal, county, or state highway shall maintain the sidewalk in reasonable repair." MCL 691.1402a(1); see also *Hatch v Grand Haven Charter Twp*, 461 Mich 457, 461 n 2; 606 NW2d 633 (2000).

However, a person may not seek the recovery of damages under the highway exception unless proper notice has been served on the governmental agency as set forth in MCL 691.1404(1), which states in relevant part:

> As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred, except as otherwise provided in subsection (3) shall serve a notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

In *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197; 731 NW2d 41 (2007), our Supreme Court held: "MCL 691.1404 is straightforward, clear, unambiguous, and not constitutionally suspect," and therefore, "must be enforced as written." *Id*. at 219. Later, in *Jakupovic v City of Hamtramck*, 489 Mich 939; 798 NW2d 12 (2011), our Supreme Court reaffirmed the holding in *Rowland*—that the statute must be enforced as written—and held that, because the plaintiff had stated the wrong address in the presuit notice as to where the alleged defect was located, the defendant was entitled to summary disposition. *Id*. Further, in *McCahan v Brennan*, 492 Mich

730; 822 NW2d 747 (2012), our Supreme Court again reaffirmed its holding in *Rowland*, stating that "statutory notice requirements must be interpreted and enforced as plainly written and that no judicially created saving construction is permitted to avoid a clear statutory mandate." *Id*. at 733.

In this case, defendant argues that because plaintiff failed to disclose in her notice of injury claim that her father witnessed her fall, the case must be dismissed. That is, plaintiff failed to comply with the requirement in the statutory notice provision that "the names of the witnesses known at the time by the claimant" be specified in the notice of injury claim. Plaintiff argued, however, that she "substantially complied" with the notice requirement which was sufficient and the trial court apparently agreed. Plaintiff relies on this Court's opinion in *Plunkett v Dep't of Transp*, 286 Mich App 168; 779 NW2d 263 (2009), for the proposition that "substantial compliance" with the statutory notice provision is sufficient. Plaintiff's reliance on that case is misplaced. In *Plunkett*, this Court was considering whether the plaintiff's description of the nature of the defect was sufficient. *Id*. at 177. The plaintiff had reported the nature of the defect as "standing/pooled water on the roadway's surface" which was caused by "excessive and uneven wear, and/or lack of drainage due to uneven and unreasonable wear[.]" *Id*. at 175. The defendant argued that the plaintiff was required to "specifically mention that the accident was allegedly caused by rutting or an inadequate superelevation." *Id*. at 177. This Court rejected the defendant's argument that such specificity—which was more like an expert's description of the nature of the defect than a layman's description—was required to comply with the notice requirement. *Id*. at 176-178. In other words, the defendant was reasonably apprised of the nature of the defect. *Id*. at 178.

In this case, plaintiff did not disclose an eyewitness to her fall. Although she listed her mother as a witness, she did not list her father as a witness. In this situation, there is neither strict nor substantial compliance with the notice provision. It was not that plaintiff failed to give an "expert-like" description of the location or nature of the alleged defect, or failed to give an "expert-like" description of her injuries; rather, plaintiff completely failed to disclose a witness who saw her fall. Clearly the facts and circumstances in this case are distinguishable from those in *Plunkett*. Accordingly, the trial court erred in concluding that plaintiff's failure to list her father as a witness was an excusable omission. Because plaintiff's presuit notice did not comply with MCL 691.1404(1), plaintiff was not entitled to proceed against defendant under the highway exception and defendant's motion for summary disposition premised on the ground that governmental immunity barred plaintiff's claim should have been granted.

Because our conclusion is dispositive of this matter, defendant's second argument—that it was also entitled to summary disposition because plaintiff did not fall on a "sidewalk" for purposes of the highway exception to governmental immunity—is rendered moot. See *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998) ("As a general rule, an appellate court will not decide moot issues.").

-4-

Reversed and remanded for entry of an order granting defendant's motion for summary disposition. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Stephen L. Borrello
/s/ James Robert Redford