GROUNDS v WASHTENAW COUNTY ROAD COMMISSION

KIMBLE v WASHTENAW COUNTY ROAD COMMISSION

Docket Nos. 144031, 144517. Submitted November 4, 1993, at Lansing. Decided April 4, 1994, at 9:50 A.M. Leave to appeal sought.

Nancy Grounds, as personal representative of the estate of Calvin E. Grounds, and Cynthia Kimble brought separate actions in the Washtenaw Circuit Court against the Washtenaw County Road Commission following an automobile collision involving the decedent and Kimble at the intersection of Stoney Creek and Platt Roads. At the time of the accident, Stoney Creek Road was being repaired and was marked at the intersection with eight-foot barricades and signs indicating that it was closed to through traffic. The plaintiffs alleged that the road commission's negligence in placing the barricades caused the accident and that the road commission should be held liable pursuant to the highway exception to governmental immunity. The court, Ross W. Campbell, J., granted summary disposition for the road commission, determining the highway exception to be inapplicable. The plaintiffs appealed, and the appeals were consolidated.

The Court of Appeals *held:*

A governmental agency may suspend its duty to keep a highway in good repair and fit for public travel while the highway is being improved or repaired by closing the highway to public travel. In this case, the road commission sufficiently suspended its duty by barricading the road in question and posting signs that indicated that the road was closed to through traffic.

Affirmed.

M. H. CHERRY, J., dissenting, stated that to avoid liability under the highway exception, a governmental agency must totally close a highway that is being repaired. Because the road at issue in this case was open to local traffic, the plaintiffs' claims were within the highway exception.

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges § 390.

See ALR Index under Government; Highways and Streets.

GOVERNMENTAL IMMUNITY — HIGHWAY EXCEPTION — HIGHWAY IM-
    PROVEMENT AND REPAIR.

    A governmental agency suspends its duty to keep a highway in
    good repair and fit for public travel while the highway under-
    goes improvement or repair by closing the highway to public
    travel (MCL 691.1402; MSA 3.996[102]).

*Garris, Garris, Garris & Garris* (by *Steven Z. Garris*), for Nancy Grounds.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Paul W. Hines*), for Cynthia Kimble.

*Conlin McKenney & Philbrick, P.C.* (by *Allen J. Philbrick*), for Washtenaw County Road Commission.

Before: MACKENZIE, P.J., and WEAVER and M. H. CHERRY,* JJ.

WEAVER, J. These consolidated actions arise from an automobile accident that occurred at the intersection of Stoney Creek Road and Platt Road in Washtenaw County on November 10, 1987. Cynthia Kimble was traveling east and Calvin Grounds was traveling west on Stoney Creek Road. At that time Stoney Creek was undergoing repairs. There were eight-foot-wide barricades in the middle of Stoney Creek on both sides of the intersection with signs warning motorists that the road was closed to through traffic. Both Cynthia Kimble and Nancy Grounds, the personal representative of the estate of Calvin Grounds, brought suit against defendant, alleging that defendant's negligent placement of the barricades caused the accident.

    Defendant filed a motion for summary disposition with respect to each plaintiff under MCR 2.116(C)(8) and (C)(10), alleging that it had no

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

statutory duty to plaintiffs because Stoney Creek
Road was not open to public travel. Following a
hearing on the motion, the court granted summary
disposition in favor of defendant. Plaintiffs now
appeal as of right. We affirm.

The general rule is that governmental agencies
are immune from tort liability when they are
engaged in the exercise or discharge of a govern-
mental function. *Ross v Consumers Power Co (On
Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984).
There are four narrowly drawn statutory excep-
tions to this immunity.[1] *Scheurman v Dep't of
Transportation*, 434 Mich 619; 456 NW2d 66
(1990). Plaintiffs assert that their claims fall
within the highway exception, MCL 691.1402;
MSA 3.996(102). Because this is a narrowly drawn
exception to a broad grant of immunity, no action
may be maintained unless it is clearly within the
scope and meaning of the statute. *Scheurman v
Dep't of Transportation, supra.* The statute pro-
vides in pertinent part:

> (1) Each governmental agency having jurisdic-
> tion over any highway shall maintain the highway
> in reasonable repair so that it is reasonably safe
> and convenient for public travel. Any person sus-
> taining bodily injury or damage to his or her
> property by reason of failure of any governmental
> agency to keep any highway under its jurisdiction
> in reasonable repair, and in condition reasonably
> safe and fit for travel, may recover the damages
> suffered by him or her from the governmental
> agency. The liability, procedure and remedy as to
> county roads under the jurisdiction of a county
> road commission shall be as provided in section 21
> of chapter IV of Act No. 283 of the Public Acts of
> 1909, as amended, being section 224.21 of the

---

[1] These four exceptions are MCL 691.1402; MSA 3.996(102), MCL
691.1405; MSA 3.996(105), MCL 691.1406; MSA 3.996(106), and MCL
691.1413; MSA 3.996(113).

Michigan Compiled Laws . . . . [MCL 691.1402; MSA 3.996(102).]

MCL 691.1402; MSA 3.996(102) delegates responsibility for county roads to the various boards of county road commissioners. Their liability is set forth in MCL 224.21; MSA 9.121, which provides in pertinent part:

It is hereby made the duty of the counties to keep in reasonable repair, so that they shall be reasonably safe and convenient for public travel, all county roads, bridges and culverts that are within their jurisdiction and under their care and control and which are open to public travel.

The key issue here is whether the highway exception to governmental immunity applies when the road is undergoing repairs or reconstruction and has been marked as "closed to through traffic." We find that it does not.

Our Supreme Court has held that a governmental agency may suspend its duty to keep the streets in good repair and fit for public travel while the street is being improved or repaired by closing to public traffic that portion of the street. *Southwell v Detroit,* 74 Mich 438; 42 NW 118 (1889), *Beattie v Detroit,* 137 Mich 319; 100 NW 574 (1904), and *Speck v Bruce Twp,* 166 Mich 550; 132 NW 114 (1911). Here, the road was marked by eight-foot barricades as being closed to through traffic while repairs and improvements were being made. We find this was sufficient to suspend the statutory exception to governmental immunity.

In their briefs on appeal, plaintiffs discuss at great length whether plaintiff Kimble had a right to use the road; we find that question to be irrelevant to our holding.

We affirm the trial court's grant of summary disposition.

MacKENZIE, P.J., concurred.

M. H. CHERRY, J. *(dissenting)*. For the reasons stated below, I respectfully dissent.

Governmental agencies generally are immune from tort liability whenever they are engaged in "the exercise or discharge of a governmental function." MCL 691.1407; MSA 3.996(107); *Scheurman v Dep't of Transportation,* 434 Mich 619, 627; 456 NW2d 66 (1990). As our Supreme Court found in that case, to this general rule of immunity there are four narrow exceptions, one of which is the highway exception. The pertinent language of the highway exception is:

> Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. . . . The liability, procedure and remedy as to county roads under the jurisdiction of a county road commission shall be as provided in section 21 of chapter IV of Act No. 283 of the Public Acts of 1909, as amended, being section 224.21 of the Michigan Compiled Laws. [MCL 691.1402(1); MSA 3.996(102)(1).]

The duties of county road commissions regarding county roads are enumerated in MCL 224.21; MSA 9.121:

> . . . It is hereby made the duty of the counties to keep in reasonable repair, so that they shall be reasonably safe and convenient for public travel, all county roads, bridges and culverts that are within their jurisdiction and under their care and control and which are open to public travel. . . .

To suspend this statutory duty when a road is under construction, a governmental unit must close that road. *Speck v Bruce Twp,* 166 Mich 550, 557-558; 132 NW 114 (1911); *Beattie v Detroit,* 137 Mich 319, 323; 100 NW 574 (1904); *Southwell v Detroit,* 74 Mich 438, 443-445; 42 NW 118 (1889). Unfortunately, neither the statutes nor those cases clearly define what is meant by "open to public travel" or "closed."

The majority noted that "the road was marked by eight-foot barricades as being closed to through traffic while repairs and improvements were being made," *ante* at 456, and concluded that was sufficient to suspend the highway exception to governmental immunity. I look at those facts and determine that they constituted only a temporary, partial closing of the road, insufficient to suspend the statutory exception, especially because defendant has conceded that the road was open to local traffic. To avoid liability under the highway exception, I would find that the road must be closed totally. As a consequence, I would find that plaintiffs have stated claims upon which relief could be granted and that the trial court erred in granting defendant's motion for summary disposition.