PUSAKULICH v CITY OF IRONWOOD

Docket No. 220791. Submitted October 11, 2000, at Marquette. Decided
    July 27, 2001, at 9:05 A.M. Leave to appeal sought.

Senia Pusakulich brought an action in the Gogebic Circuit Court
    against the city of Ironwood, seeking damages for injuries she sus-
    tained when she fell on a sidewalk adjacent to a street maintained
    by the defendant. At the time of the injury, the street was tempora-
    rily closed for repairs to a water line beneath the street. The court,
    Roy D. Gotham, J., granted summary disposition for the defendant,
    ruling that the highway exception to governmental immunity from
    tort liability, MCL 691.1402, was inapplicable to the plaintiff's claim.
    The plaintiff appealed by leave granted.

The Court of Appeals held:

MCR 7.215(I) compels the Court of Appeals to follow *Stabley v
Huron-Clinton Metropolitan Park Authority*, 228 Mich App 363
(1998), and *Grounds v Washtenaw Co Rd Comm*, 204 Mich App 453
(1994), and hold that the highway exception, which encompasses a
sidewalk adjacent to a street if the street is maintained by a city,
does not apply when the street in question is closed or when the
sidewalk in question is adjacent to a street that is closed.

Were it not for MCR 7.215(I), the temporary closure of a street
would be found to be insufficient to suspend the highway excep-
tion with respect to an adjacent sidewalk that remains open to the
public. When a street is closed to neighborhood residents such as
the plaintiff, the sidewalk becomes the only means of ingress for
residents, thus increasing pedestrian traffic and providing more
reason to ensure that the sidewalk is safe for public travel.

Affirmed.

*A. Dennis Cossi*, for the plaintiff.

*Bonnie L. Hoff*, for the defendant.

Before: GRIBBS, P.J., and M. J. KELLY and HOEKSTRA,
JJ.

GRIBBS, P.J. Plaintiff brought this tort action to recover damages for injuries sustained as a result of a fall on an allegedly defective city sidewalk. Each defendant filed a motion for summary disposition. The trial court granted defendant city of Ironwood's motion on the basis of governmental immunity, but denied defendant Ross Peterson's motion. Plaintiff sought leave to appeal the grant of summary disposition in favor of the city of Ironwood (hereinafter "the city"). This Court granted leave limited to the issue raised in the application. MCR 7.205(D)(4). In essence, the question posed is whether the trial court erred in ruling that the highway exception to governmental immunity did not apply because the sidewalk was not within the definition of highway where the adjacent street was temporarily closed for repairs to a water line. Because we believe that we are required to do so by previous decisions of this Court, we affirm the trial court's grant of summary disposition.

In her complaint, plaintiff alleged that she sustained injuries because of a defect in the city sidewalk located in front of her residence on Aurora Street. According to plaintiff, a slab of the sidewalk was missing, the area filled with water, and the area was unmarked and unlit. Plaintiff claimed that the city breached its duty to keep the sidewalk in a safe condition by allowing the sidewalk to exist in a dangerous and hazardous condition and failing to warn pedestrians of the danger. Plaintiff maintained that because of the city's breach of its duties, she fell while attempting to leap over the hole, which she believed was merely a puddle on the sidewalk, and sustained a broken leg and other injuries.

In its motion for summary disposition, the city contended that plaintiff's negligence claim was barred by governmental immunity. The city argued that although a highway exception to governmental immunity exists, it did not apply because the sidewalk in question was not adjacent to a street open for public travel, which is a requirement of the statutory definition of highway. The city maintained that Aurora Street was not open for public travel within the meaning of the highway exception to governmental immunity because the street was closed temporarily so that repairs could be made to the water line that runs underneath the street. The trial court agreed and granted summary disposition in favor of the city on the basis of governmental immunity.

Although the trial court did not state under which subsection of MCR 2.116 it was granting summary disposition, it is apparent from the record that the trial court utilized subsection (C)(7) because it reviewed documents outside the pleadings and granted summary disposition on the basis of immunity granted by law, i.e., governmental immunity. In analyzing a motion for summary disposition pursuant to MCR 2.116(C)(7), the contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999); *Novak v Nationwide Mut Ins Co*, 235 Mich App 675, 681; 599 NW2d 546 (1999). If a party supports a motion under MCR 2.116(C)(7) by submitting affidavits, depositions, admissions, or other documentary evidence, those materials must be considered. MCR 2.116(G)(5); *Maiden, supra.* The substance or content of the supporting materials must be admissible into evidence.

*Maiden, supra.* We review de novo a trial court's grant of summary disposition. *Maiden, supra* at 118; *Novak, supra.* Likewise, questions of law, such as statutory interpretation, are reviewed de novo. *Crown Technology Park v D&N Bank, FSB,* 242 Mich App 538, 546; 619 NW2d 66 (2000).

Pursuant to the governmental tort liability act, MCL 691.1401 *et seq.,* when governmental agencies are engaged in the exercise or discharge of a governmental function, they are immune from tort liability. *Nawrocki v Macomb Co Rd Comm,* 463 Mich 143, 156; 615 NW2d 702 (2000). Governmental immunity from tort liability under MCL 691.1407 is broad in scope, but is subject to five statutory exceptions. *Nawrocki, supra* at 156, 158. One of those statutory exceptions, the highway exception, MCL 691.1402, is implicated in the present case. Under the highway exception, every governmental agency having jurisdiction over a "highway" is required to "maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel," and a person who sustains bodily injury or damage to property from the failure of a governmental agency to meet this requirement may recover for the damages suffered.[1] MCL 691.1402(1). The statute defines "highway" to encompass "sidewalk"[2] and at the time of the

---

[1] We note that plaintiff's alleged injury occurred in the late evening of July 1, 1996, or the early morning of July 2, 1996. Accordingly, the statutory language applicable in this case is found in 1996 PA 150, § 1, effective March 25, 1996, rather than the current statutory language that became effective December 21, 1999, as enacted by 1999 PA 205. We believe our holding in this case is equally applicable to cases under the 1999 enactment.

[2] The defendant here is a city rather than the state or a county road commission. As noted in *Nawrocki, supra,* the liability of the state or a county road commission does not extend to the sidewalk.

incident provided: " 'Highway' means every public highway, road, and street which is open for public travel and shall include bridges, sidewalks, crosswalks, and culverts on any highway. The term highway does not include alleys, trees, and utility poles." MCL 691.1401(e). Accordingly, the city had a statutory duty to " 'maintain' the sidewalk 'in reasonable repair so that it is reasonably safe and convenient for public travel.' " *Haliw v Sterling Heights*, 464 Mich 297, 304; 627 NW2d 581 (2001).

The highway exception to governmental immunity is narrowly drawn. *Nawrocki*, *supra* at 158-159; *Scheurman v Dep't of Transportation*, 434 Mich 619, 630; 456 NW2d 66 (1990). An action may not be maintained under the highway exception unless it is clearly within the scope and meaning of the statute. *Hatch v Grand Haven Twp*, 461 Mich 457, 464; 606 NW2d 633 (2000); *Collins v City of Ferndale*, 234 Mich App 625, 628; 599 NW2d 757 (1999).

On appeal, plaintiff argues that the trial court erred in ruling that the highway exception to governmental immunity does not apply in the present case. Plaintiff claims that despite the temporary closure of the street, i.e., "highway," the sidewalk remained open for public travel and therefore met the requirements of the statutory exception to governmental immunity.[3] In contrast, the city argues that because the street was not open for public travel at the time of the alleged injury, the adjacent sidewalk does not fall within the statutory definition of "highway," which requires the

---

[3] Plaintiff does not contest that Aurora Street was temporarily closed for repairs to a water line.

sidewalk to be adjacent to a highway open for public travel.[4]

First, we note that the exception to governmental immunity does not apply when a street is permanently closed. In *Campbell v Detroit*, 51 Mich App 34, 36; 214 NW2d 337 (1973), the plaintiff was injured on an allegedly defective sidewalk that was adjacent to a street that "had been closed for some time and was being removed to make way for an urban renewal project." Because the street was indisputably closed for public travel it was not a "highway" as defined by the statute, and the adjacent sidewalk did not fall within the statutory definition. *Id.*

Further, under existing law, had the injury here occurred on the street itself, there is no doubt that the highway exception to governmental immunity would not apply. In *Grounds v Washtenaw Co Rd Comm*, 204 Mich App 453; 516 NW2d 87 (1994), where an automobile accident occurred at an intersection involving drivers using a portion of a road temporarily closed to through traffic, this Court concluded that the highway exception to governmental immunity did not apply because the road was undergoing repairs or reconstruction and had been marked "closed to through traffic." *Id.* at 456. The *Grounds* Court explained:

> Our Supreme Court has held that a governmental agency may suspend its duty to keep the streets in good repair and

---

[4] This case presents a different question than that presented in *Weakley v Dearborn Heights (On Remand)*, 246 Mich App 322; 632 NW2d 177 (2001), where the street itself was open and the sidewalk was under repair. However, to the extent that *Weakley* suggests that a city has no duty to keep a sidewalk reasonably safe, we disagree with the decision. See *Haliw, supra* at 305.

fit for public travel while the street is being improved or repaired by closing to public traffic that portion of the street. *Southwell v Detroit*, 74 Mich 438; 42 NW 118 (1889), *Beattie v Detroit*, 137 Mich 319; 100 NW 574 (1904), and *Speck v Bruce Twp*, 166 Mich 550; 132 NW 114 (1911). [*Grounds, supra* at 456.]

In *Grounds*, this Court found the fact that barricades marking the road as being closed to through traffic were sufficient to suspend the statutory exception to governmental immunity. *Id.* The holding in *Grounds* was adopted without question by the panel in *Stabley v Huron-Clinton Metropolitan Park Authority*, 228 Mich App 363, 368; 579 NW2d 374 (1998). While we recognize that we are bound by the broad holdings in *Grounds* and *Stabley, supra,* we believe they were wrongly decided and would follow instead the reasoning of the dissenting opinion in *Grounds, supra* at 457-458, M. H. CHERRY, J., dissenting:

The majority noted that "the road was marked by eight-foot barricades as being closed to through traffic while repairs and improvements were being made," and concluded that was sufficient to suspend the highway exception to governmental immunity. I look at those facts and determine that they constituted only a temporary, partial closing of the road, insufficient to suspend the statutory exception, especially because defendant has conceded that the road was open to local traffic. To avoid liability under the highway exception, I would find that the road must be closed totally. [Citations omitted.]

This case, however, presents a slightly different question than the one that this Court answered in *Grounds*. Here, the question is whether a sidewalk adjacent to a *temporarily* closed highway is subject to the highway exception to governmental immunity.

Recognizing that governmental immunity is broad in scope and that the highway exception is narrowly drawn, *Nawrocki, supra,* we reluctantly conclude that, on the basis of the binding precedent in *Campbell, Grounds,* and *Stabley, supra,* the highway exception to governmental immunity is not applicable in this case.

We recognize that the status of a sidewalk for purposes of governmental immunity depends on whether the adjacent highway is covered by the exception. MCL 691.1401(e). The highway in this case was temporarily closed. Because this Court previously determined in *Grounds* and *Stabley, supra,* that temporary closure removed a street itself from the highway exception, those decisions necessarily also require us to conclude that any sidewalk connected with the temporarily closed highway is also removed from the highway exception along with the highway. *Campbell, supra.* In this case, Aurora Street was temporarily closed and, under the broad holding of *Grounds, supra,* that closure removed it from the highway exception to governmental immunity.   Because the sidewalk on which plaintiff alleged that she sustained injuries was adjacent to this temporarily closed street, we are compelled by *Grounds* and *Stabley* to conclude that it too was removed from the exception. Although we disagree with that conclusion, we reluctantly acknowledge that, under existing case law, the trial court properly granted summary disposition. *Campbell, supra.*

If, however, we were writing on a blank slate, we would reach a different result. We do not agree that the temporary closure of a highway should be sufficient to suspend the highway exception when the

adjacent sidewalk remains open to the public. The sidewalk is the "part of the public street designed for the use of pedestrians." *Stabley, supra* at 367. In the instant case the defendants were replacing a water main in front of plaintiff's residence. It was necessary for plaintiff to use the sidewalk to reach her home and she was not on notice that the sidewalk was not safe for public travel. The alleged defect, caused by removal of the concrete sidewalk, was hidden by the water that covered it. Unlike in *Campbell, supra,* the highway here was *not* permanently closed and scheduled for removal. The road closure was temporary and was not the result of necessary improvements or repairs to the street. Accepting plaintiff's allegations as true, *Maiden, supra* at 119, it appears that there were no barricades, warning signs, or cones warning the local pedestrian traffic that the sidewalk was no longer safe for travel in the area where plaintiff lived. Where, as here, a street is closed to neighborhood residents, the sidewalk becomes the only means of ingress to homes and businesses and pedestrian traffic will necessarily increase. There is even more reason under these circumstances to ensure that the sidewalk is safe for public travel. Although it is clear that a governmental agency can avoid liability by closing a highway and its adjacent sidewalk while repairs are being made, we would find that liability cannot be avoided by a city when any part of that "highway" remains open to public travel. We again point out that, while state and county commissions do not have a duty to maintain sidewalks under the statute and *Nawrocki, supra,* this exclusion does not extend to cities.

We affirm the decision of the trial court only because we believe we are bound to do so by the broad holdings in this Court's previous decisions, *Stabley* and *Grounds, supra.* As we have indicated, we disagree with those prior binding decisions and recommend that this case be submitted to a special conflicts panel pursuant to MCR 7.215(I)(3).

Affirmed.