# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN DOE,

          Plaintiff-Appellant,

v

WENDALL A. RACETTE,

          Defendant-Appellee.

FOR PUBLICATION
October 27, 2015
9:15 a.m.

No. 322150
Ingham Circuit Court
LC No. 12-001289-NI

Before: M. J. KELLY, P.J., and MURRAY and SHAPIRO, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's ruling granting defendant's motion for summary disposition under MCR 2.116(C)(7) (claim barred by the statute of limitations) in this action involving various torts stemming from alleged incidents of sexual abuse. We affirm.

In December of 2012, plaintiff filed a complaint against defendant, claiming assault and battery, intentional infliction of emotional distress (IIED), and false imprisonment. He alleged that, starting in 1995 when he was just five years old, his parents brought him to defendant's dentistry practice for dental services. He alleged that, during the next five years, defendant subjected him to various forms of sexual abuse, which he did not disclose because defendant threatened to kill him and rape his sisters if his told anyone about the abuse.[1]

In response, defendant filed a motion for summary disposition under MCR 2.116(C)(7), arguing that plaintiff's claims were time-barred because plaintiff waited more than 12 years after the alleged abuse to file a lawsuit. Plaintiff conceded that the applicable limitations periods had expired. See MCL 600.5805(2) (claims for false imprisonment and assault and battery are governed by a two-year limitations period); MCL 600.5805(10) (claims for IIED are governed by a three-year limitations period); and MCL 600.5851(1) (if a claim accrues when a plaintiff is a minor the limitations period is extended for one year after the disability is removed). Nevertheless plaintiff argued that defendant should be equitably estopped from raising the statute

---

[1] Plaintiff disclosed the abuse to the police in December of 2010. In 2012, defendant was convicted of five counts of criminal sexual conduct in the first-degree, MCL 750.520b(1)(a), and ten counts of criminal sexual conduct in the second-degree, MCL 750.520c(1)(a). On appeal, this Court reversed his convictions and remanded for a new trial. *People v Racette*, unpublished opinion per curiam of the Court of Appeals, issued September 1, 2015 (Docket No. 314895).

of limitations as a defense because his threats to kill him and harm his sisters prevented him from bringing his claim within the limitations period. The trial court, however, found that the applicable limitations period had elapsed and that equitable estoppel did not apply. This appeal follows.

A trial court's ruling on a motion for summary disposition brought under MCR 2.116(C)(7) is reviewed de novo to determine if the moving party is entitled to judgment as a matter of law. *Doe v Roman Catholic Archbishop of Archdiocese of Detroit*, 264 Mich App 632, 638; 692 NW2d 398 (2004). "If a party supports a motion under MCR 2.116(C)(7) by submitting affidavits, depositions, admissions, or other documentary evidence, those materials must be considered" unless their substance and content is inadmissible as evidence. *Pusakulich v City of Ironwood*, 247 Mich App 80, 82; 635 NW2d 323 (2001), citing MCR 2.116(G)(5). "[T]he contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant." *Pusakulich*, 247 Mich App at 82.

Equitable estoppel is a judicially created "exception to the general rule which provides that statutes of limitation run without interruption." *Lothian v City of Detroit*, 414 Mich 160, 176; 324 NW2d 9 (1982). "It is essentially a doctrine of waiver that extends the applicable period for filing a lawsuit by precluding the defendant from raising the statute of limitations as a bar." *Cincinnati Ins Co v Citizens Ins Co*, 454 Mich 263, 270; 562 NW2d 648 (1997). "[A]bsent intentional *or negligent* conduct designed to induce a plaintiff to refrain from bringing a timely action," Michigan courts have been "reluctant to recognize an estoppel." *Id.* (emphasis in original). Such equitable power "has traditionally been reserved for 'unusual circumstances' such as fraud or mutual mistake" because a "court's equitable power is not an unrestricted license for the court to engage in wholesale policymaking." *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 590; 702 NW2d 539 (2005). In the past, we have typically applied equitable estoppel in cases where the defendant induced the plaintiff to believe the limitations period would not be enforced. See *McDonald v Farm Bureau Ins Co*, 480 Mich 191, 204-205; 747 NW2d 811 (2008) (holding that in order to invoke the equitable estoppel doctrine, the plaintiff must generally establish that "(1) defendant's acts or representations induced plaintiff to believe that the limitations period clause would not be enforced, (2) plaintiff justifiably relied on this belief, and (3) she was prejudiced as a result of her reliance on her belief that the clause would not be enforced."). In this case, defendant correctly points out that there is nothing on the record indicating that his alleged threat to kill plaintiff and harm his sisters induced plaintiff to believe the limitations period would not be enforced. However, there are no Michigan cases addressing whether a threat of murder can be grounds for invoking the equitable estoppel doctrine. Thus, it is an issue of first impression whether a defendant can be equitably estopped from raising the statute of limitations as a bar in cases where the plaintiff failed to file suit within the limitations period because of the defendant's threats to kill the plaintiff and harm his family if he disclosed instances of sexual abuse.

In this case, the trial court held that equitable estoppel could not be extended to this situation because the purpose of defendant's alleged threats were not clearly designed to induce plaintiff from bringing his claim within the limitations period. We disagree. If a defendant threatens to murder a victim should he or she disclose instances of sexual abuse, the threat necessarily encompasses all forms of disclosure, including disclosure in the form of a timely filed lawsuit. In such circumstances, the defendant's conduct is clearly *intentionally* designed to

induce the plaintiff to refrain from taking *any* action in opposition of the defendant, including "bringing action within the period fixed by statute." *Lothian*, 414 Mich at 177 (quotation omitted); see also *Cincinnati Ins Co*, 454 Mich at 270. Accordingly, a threat to murder a plaintiff and harm his family should he or she disclose instances of sexual abuse can establish the first element of equitable estoppel.

However, in addition to showing the existence of a threat, plaintiff must show that he or she acted within a reasonable time to bring suit after the coercive effect of the threat had ended. See *McDonald*, 480 Mich at 205 (holding that equitable estoppel did not apply when there was "no evidence that plaintiff relied on anything defendant did or said" when she delayed bringing suit within the limitations period); see also *Lothian*, 414 Mich at 177 (holding that equitable estoppel did not apply where the plaintiff's failure to bring suit within the limitations period was not because of the defendant's actions). In this case, it is undisputed that plaintiff disclosed the abuse to the police in December of 2010, when he was almost 21 years old. In February of 2011, he testified at the preliminary examination in defendant's criminal case. In November of 2011, he testified at defendant's first trial, which ended in a hung jury. In August of 2012, he testified at defendant's second trial, which ended with his conviction on multiple counts of criminal sexual conduct in the first- and second-degree. However, it was not until December of 2012— about two years after he first disclosed the abuse to the police—that defendant opted to file the present suit.

While plaintiff's failure to bring suit during the pre-disclosure period may have been the result of the fear engendered by defendant's threats, the undisputed evidence shows that plaintiff continued to delay filing suit well after the grounds for such fear had ended with the disclosure to the police. Alternatively put, plaintiff's disclosure to the police in December 2010 demonstrates that his fears no longer constrained him to remain silent and so estoppel based upon that fear cannot have remained effective until December 2012. Following his public disclosure, plaintiff "had a primary obligation to secure prompt resolution of his claim in the courts." *Lothian*, 414 Mich at 179. His failure to do so precludes application of the doctrine of equitable estoppel.

Affirmed.


/s/ Michael J. Kelly
/s/ Douglas B. Shapiro