# STATE OF MICHIGAN

# COURT OF APPEALS

DEBRA HARPER,

　　　　Plaintiff-Appellee,

v

CITY OF FRASER,

　　　　Defendant-Appellant/Third-Party
　　　　Plaintiff,

v

DAN'S EXCAVATING, INC.,

　　　　Third-Party Defendant.

UNPUBLISHED
August 30, 2016

No. 327573
Macomb Circuit Court
LC No. 14-002512-NO

Before: K. F. KELLY, P.J., and M. J. KELLY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant City of Fraser made a motion for summary disposition in the trial court, arguing that it was shielded by governmental immunity from liability for damages resulting from a bicycle accident occurring on a city sidewalk. Defendant appeals as of right the trial court's order denying its motion for summary disposition. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

On October 30, 2013, plaintiff Debra Harper was riding her bike on the sidewalk along the western side of Groesbeck Highway, north of 13 Mile Road. Plaintiff alleges that she lost control of her bicycle when she encountered a portion of the sidewalk that was unpaved, covered in loose gravel, and had a drop in height from the surface of the rest of the paved sidewalk. As a result of the incident, plaintiff incurred injuries, including but not limited to; physical pain and suffering in her back, shoulder, and neck; disability and disfigurement; mental anguish; denial of social pleasures and enjoyment of life.

Plaintiff filed a Complaint on June 25, 2014, alleging that defendant did not fulfill their duty to keep the sidewalk in reasonable repair. On January 16, 2015, defendant filed a Motion for Summary Disposition pursuant to MCR 2.116(C)(7) and (10), arguing that it is entitled to governmental immunity and that no issue of material fact exists in the case, and dismissal of

-1-

plaintiff's complaint is therefore warranted. Plaintiff responded on February 23, 2015, arguing that an exception to governmental immunity had been satisfied and that summary disposition would be improper, as issues of material fact exist and need to be decided by a fact finder. A written opinion and order followed on May 4, 2015, denying defendant's motion, which defendant now appeals.

## II. STANDARD OF REVIEW

"We review de novo the trial court's denial of a defendant's motion for summary disposition under MCR 2.116(C)(7) and MCR 2.116(C)(10)." *Oliver v Smith*, 269 Mich App 560, 563; 715 NW2d 314 (2006). MCR 2.116(C)(7) permits summary disposition when a claim is barred because of immunity granted by law. "To survive such a motion, the plaintiff must allege facts justifying the application of an exception to governmental immunity." *Fane v Detroit Library Com'n*, 465 Mich 68, 74; 631 NW2d 678 (2001). MCR 2.116(C)(10) states that "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). A genuine issue of material fact exists when the record, viewed in the light most favorable to the nonmoving party, leaves open an issue upon which reasonable minds could differ. *West v General Motors*, 469 Mich 177, 183; 665 NW2d 468 (2003). "If the evidence fails to demonstrate a genuine issue of material fact, the movant is entitled to judgment as a matter of law." *Blue Harvest, Inc v Department of Transp*, 288 Mich App 267, 276; 792 NW2d 798 (2010).

## III. GOVERNMENTAL IMMUNITY

Defendant first argues that the trial court erred in denying its motion for summary disposition because plaintiff did not adequately satisfy a statutory exception to governmental immunity, and secondly, that the defect in the sidewalk did not violate the statute, as any discontinuity was under 2 inches. Michigan law states that "[a] municipal corporation in which a sidewalk is installed adjacent to a municipal, county, or state highway shall maintain the sidewalk in reasonable repair." MCL 691.1402a(1). However, "a municipal corporation that has a duty to maintain a sidewalk under subsection (1) is presumed to have maintained the sidewalk in reasonable repair," and in order to overcome that presumption, evidence must be put forth that the "proximate cause of the injury was 1 or both of the following: (a) a vertical discontinuity defect of 2 inches or more in the sidewalk [or] (b) a dangerous condition in the sidewalk itself of a particular character other than solely a vertical discontinuity." MCL 691.1402a.

Plaintiff testified at her deposition that the condition of the defect was as follows: a hole of approximately five to seven inches deep, sloping down from the existing slab of pavement on the north side of the hole, covered in loose gravel. This defect was clearly the result of a construction project occurring on the sidewalk, and unless a highway area is effectively closed to the public, the duty to keep the highway area in reasonable repair is not suspended despite ongoing construction. *Snead v John Carlo, Inc*, 294 Mich App 343, 370; 813 NW2d 294 (2011). While the discontinuity may not have been precisely vertical, it was alleged to have been well over the 2 inch minimum needed to satisfy the first prong of the statute. However, even if the first prong of the statute is not sufficiently evidenced in this case, it is clear that the second prong of the statute has been met. The steep slope created by the removal of the pavement, covered in

-2-

loose gravel, created a condition that was inherently dangerous to pedestrians, bicyclists, etc. The sidewalk was not kept in reasonable repair, as the aforementioned status of the sidewalk created a dangerous condition in the sidewalk itself, and therefore, plaintiff has rebutted the city's presumed governmental immunity.

Additionally, under defendant's arguments as to why an exception to governmental immunity cannot be met in this case, it claims that the defect plaintiff fell and was injured upon should not be considered "sidewalk" under the statute. Sidewalk, as defined by MCL 691.1401(k), and for the purposes of the governmental immunity statute, is "a paved sidewalk intended for pedestrian use." Due to the fact that at the time of the accident, the defective area was not paved, defendant argues the defective area does not come within the scope of the statute. To hold that the defective area, which was clearly once a part of the paved sidewalk, but was under construction at the time plaintiff encountered it, should not be considered "sidewalk" simply because it was not paved at the precise time of injury, would be nonsensical. The defect on which plaintiff was injured falls well within the scope of the sidewalk statute, so if one or both of the exceptions to governmental immunity are met, as they are in this case, the presumption of reasonable repair regarding the defect has been rebutted.

## IV. ORDINARY NEGLIGENCE

Defendant also takes issue with several of the allegations contained within plaintiff's complaint and demand for jury trial. Paragraphs 9, 12, and 13 contain allegations of defendant violating duties of ordinary care, failure to inspect, failure to warn, etc. and defendant contends that because they exceed the limited exceptions to governmental immunity, they must be precluded. Plaintiff included these allegations in her complaint for the purpose of suggesting an absence of warning signs or barriers to a portion of sidewalk under construction. To reiterate what the trial court said in its Opinion and Order denying defendant's motion for summary judgment, a governmental agency may suspend its duty to maintain a highway in reasonable repair while the highway is being improved or repair by closing that portion to public traffic. *Grounds v Washtenaw County Road Com'n*, 204 Mich App 453, 456: 516 NW2d 87 (1994).

When the trial court decided the issues presented in the aforementioned allegations, it had already concluded that plaintiff had satisfied the requirements of at least one of the exceptions to governmental immunity, and it was then beginning to analyze whether or not defendant had properly closed the sidewalk to pedestrian traffic. This is the issue of material fact and therefore is the reason that summary disposition may not be granted under MCR 2.116(C)(10) at this time. Any and all factual allegations in plaintiff's complaint or other pleadings regarding defendant's actions, or lack thereof, to close the sidewalk are relevant to defendant's liability. Defendant has not provided any legal support for striking any of plaintiff's allegations at this time and they should all remain.

## V. CONCLUSION

The trial court properly denied defendant's motion for summary disposition, as plaintiff has rebutted the presumption that defendant kept the sidewalk in reasonable repair. We affirm the trial court's decision.

/s/ Kirsten Frank Kelly
/s/ Michael J. Kelly
/s/ Amy Ronayne Krause