# STATE OF MICHIGAN

# COURT OF APPEALS

---

ALFREDA MOSES, formerly known as
ALFREDA MANDOKA,

       Plaintiff-Appellant,

v

RICHARD NETHERS,

       Defendant-Appellee,

and

SCOTT JESSEN,

       Defendant.

UNPUBLISHED
May 2, 2017


No. 329829
Isabella Circuit Court
LC No. 2014-011652-CZ

---

Before: KELLY, P.J., and STEPHENS and O'BRIEN, JJ.

PER CURIAM.

Plaintiff-Appellant, Alfreda Moses, formerly known as Alfreda Mandoka, appeals by delayed leave granted, *Moses v Nethers*, unpublished order of the Court of Appeals, entered February 3, 2016 (Docket No. 329829), the trial court's June 10, 2015 order granting summary disposition in favor of Defendant-Appellee, Richard Nethers, pursuant to MCR 2.116(C)(7).[1] On appeal, plaintiff-appellant challenges the trial court's August 15, 2014 order, which set aside a default judgment that was entered approximately one month earlier, and the trial court's June 10, 2015 order, which granted summary disposition in defendant-appellee's favor as discussed above. We affirm.

First, with respect to plaintiff-appellant's arguments regarding the order setting aside the default judgment, this Court reviews such a decision for an abuse of discretion. *Shawl v Spence*

---

[1] The June 10, 2015 order granting summary disposition did not adjudicate any claims alleged by plaintiff-appellant against Defendant, Scott Jessen, who was plaintiff-appellant's attorney when she sued defendant-appellee's brother, Paul Nethers, and their partnership, Christian Builders. From the record before us, it is unclear whether that litigation remains pending, but it is irrelevant for purposes of the arguments raised by plaintiff-appellant on appeal.

-1-

*Bros Inc*, 280 Mich App 213, 218; 760 NW2d 674 (2008). "A motion to set aside a default or default judgment, except when grounded in lack of jurisdiction over the appellee, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed." MCR 2.603(D)(1). First, with respect to the good-cause requirement, a party need only show that manifest injustice would result if the default or default judgment was not set aside. Second, with respect to the affidavit requirement, a party need only present an affidavit of facts that demonstrates that a meritorious defense existed. In our view, defendant-appellee satisfied both of those requirements before the trial court.

Specifically, defendant-appellee satisfied both of those requirements by attacking the adequacy of plaintiff-appellant's complaint, which included, in its entirety, the following six paragraphs:

1.	Plaintiff Alfreda Moses, f/k/a Alfreda Mandoka, is a resident of Isabella County.

2.	Defendant Richard Nethers is a resident of Isabella County[.]

3.	This Court has jurisdiction of this action because the amount in controversy exceeds $25,000, exclusive of interest and costs.

4.	Christian Builders is indebted to Plaintiff for $53,591.43 plus interest for breach of Christian Builders' contractual obligations to Plaintiff.

5.	Defendant Richard Nethers was one of the partners of Christian Builders, a partnership, when it entered into, and breached, those contractual obligations.

6.	As a matter of law, e.g. MCL 449.15, Defendant is liable to Plaintiff for $53,591.43 plus interest.[2]

---

[2] After the July 9, 2014 default judgment was set aside, plaintiff-appellant filed an amended complaint. While the first three paragraphs quoted above were unchanged, the last three, paragraphs 4, 5, and 6, were changed as follows:

4.	Pursuant to attached Exhibits "A" and "B", which are incorporated herein by this reference, Defendant was a partner of a partnership called Christian Builders from on or about February 22, 2011 until at least on or about July 26, 2013[.]

5.	During the period that Defendant was a partner in that partnership, that partnership was adjudicated to have a debt of $53,591.43 plus interest to Plaintiff, based on a contract entered into and breached by that partnership during that period. A copy of that Judgment is attached as Exhibit "C" and is incorporated herein by this reference.

Stated simply, these six one-sentence paragraphs are insufficient to comply with, at a minimum, MCR 2.111(B)(1), which requires "[a] statement of facts, without repetition, on which the pleader relies in stating the cause of action, *with specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called upon to defend*[.]" (Emphasis added.) Therefore, because defendant-appellant's counsel was able to, after merely reviewing the complaint and the applicable court rules, determine that a meritorious defense existed based on the inadequacy of the complaint, we conclude that both requirements set forth in MCR 2.603(D)(1) were satisfied in this case.[3]

Second, with respect to plaintiff-appellant's arguments regarding the order granting summary disposition, this Court reviews such a decision de novo. *Teel v Meredith*, 284 Mich App 660, 662; 774 NW2d 527 (2009).

> A trial court's ruling on a motion for summary disposition brought under MCR 2.116(C)(7) is reviewed de novo to determine if the moving party is entitled to judgment as a matter of law. If a party supports a motion under MCR 2.116(C)(7) by submitting affidavits, depositions, admissions, or other documentary evidence, those materials must be considered unless their substance and content is inadmissible as evidence. [T]he contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant. [*Doe v Racette*, 313 Mich App 105, 108; 880 NW2d 332 (2015) (citations and internal quotation marks omitted; alterations in original).]

In our view, the trial court correctly concluded that defendant-appellee, not plaintiff-appellant, was entitled to judgment in his favor as a matter of law under the facts and circumstances of this case.

Specifically, plaintiff-appellant's failure to name *Richard* Nethers in her previous lawsuit against his brother, Paul Nethers, and their partnership, Christian Builders, is dispositive of the claims alleged in this case. See, e.g., 59A Am Jr 2d, Partnership, § 485, p 549.[4] While this

---

6.      As a matter of law, e.g. MCL 449.15, Defendant is liable to Plaintiff for that debt of that partnership to Plaintiff.

Exhibit "A" was the Business Registration Certificate for Christian Builders. Exhibit "B" was the Notice of Dissolution of Co-Partnership or Business under Assumed Name for Christian Builders. Exhibit "C" was the December 27, 2013 default judgment entered in favor of plaintiff-appellant and against Christian Builders and Paul Nethers. However, because this amended complaint was filed after the July 9, 2014 default judgment was set aside, it is largely irrelevant with respect to plaintiff-appellant's argument that the trial court erred in setting aside the July 9, 2014 default judgment.

[3] Nevertheless, we would note that, in most situations, an attorney's affidavit, without an affidavit by a party or another fact witness, is ordinarily insufficient for purposes of MCR 2.603(D)(1).

[4] 59A Am Jr 2d, Partnership, § 485, p 549 provides, in pertinent part, as follows:

authority is not binding, it is our view that similar principles have been adopted by the Michigan Supreme Court, see, e.g., *Candee & Scribner v Clark & Brown*, 2 Mich 255, 256-257 (1851), and the United States Supreme Court, see, e.g., *Mason v Eldred*, 73 US 231, 238-239; 18 L Ed 783 (1867), and, although these decisions may be considered dated by some, plaintiff-appellant, i.e., the appealing party in this case, has made no persuasive attempt to explain why they should not be followed. We decline to do so for her.[5]

With respect to the remainder of plaintiff-appellant's arguments on appeal, we find each meritless. Plaintiff-appellant's arguments with respect to affirmative defenses and waiver fail because defendant-appellee's answer and affirmative defenses to plaintiff-appellant's vague complaint and amended complaint adequately asserted his position that the prior judgment between plaintiff-appellant, Paul Nethers, and Christian Brothers precluded this lawsuit. Additionally, plaintiff-appellant's arguments with respect to permissive joinder, election of remedies, and judicial estoppel reflect her (or, perhaps more accurately, her counsel's) misunderstanding of joint versus joint and several liability.[6] That is, because liability in the earlier judgment was joint, *not* joint and several, no additional recovery is permitted in that regard.[7] Therefore, summary disposition pursuant to MCR 2.116(C)(7) in defendant-appellee's favor was appropriate.

> Partners need not be sued jointly for a partnership debt despite the general rule of res judicata. However, an omission to join partners individually in prior proceedings against a partnership, reducing a partnership debt to judgment, does not prejudice the right to subsequent proceedings at law against the partners individually on the same debt. A judgment entered on a partnership obligation that is joint, not joint and several, against any number of partners, but less than all, is a bar to any action on the same claim against the partners not parties to the judgment.

Consequently, while it is true that, generally, all partners are jointly liable for partnership debts and obligations, see MCL 449.15, a plaintiff's decision to name some, but not all, of a partnership's partners acts as a bar on the same claim against the unnamed partners at a later date once the original action is reduced to judgment.

[5] See *Peterson Novelties, Inc v Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003).

[6] We would note, however, that it is somewhat ironic that, in a second suit filed by plaintiff-appellant regarding the breach of a single contract, plaintiff-appellant is now arguing that "complete relief" was obtained pursuant to MCR 2.205(A) in the first suit. In any event, joinder need not be addressed in light of our conclusion above.

[7] See also 59A Am Jr 2d, Partnership, § 484, p 548, which provides, in pertinent part, as follows:

> [A] plaintiff need not sue the partners themselves in order to bind the property of the partnership and the joint property of the partners, but a judgment against the partnership does not bind the separate property of an individual partner unless the plaintiff has named the individual partner and the court has acquired jurisdiction over that individual.

Affirmed.

/s/ Michael J. Kelly
/s/ Colleen A. O'Brien